UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
**NASHVILLE** DIVISION

| | |
|---|---|
| **CARLOS FERRELL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. |
| vs. ) | |
| ) | **JURY DEMAND** |
| **CITY OF COOKEVILLE,** a political ) | |
| subdivision and authorized by the State ) | |
| of Tennessee; **COOKEVILLE POLICE** ) | |
| **DEPARTMENT,** a law enforcement ) | |
| department of the City of Cookeville; ) | |
| ) | |
| **JEFF JOHNSON, CIIIRS MELTON, JOSH** ) | |
| **WARD, MYKE GREEN, CHRIS WILLIAMS,** ) | |
| and **JOHN DOES #1 & 2,** all Police ) | |
| Officers of the Cookeville Police ) | |
| Department; ) | |
| ) | |
| **PUTNAM COUNTY,** a political ) | |
| subdivision and authorized by the State ) | |
| of Tennessee; **PUTNAM** COUNTY ) | |
| **SHERIFF'S DEPARTMENT,** a law ) | |
| enforcement department of the County ) | |
| of Putnam; ) | |
| ) | |
| **JOHN DOES # 3 & 4,** each Sheriff's ) | |
| Deputies of the Putnam County Sheriff's ) | |
| Department; ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## COMPLAINT

Your Plaintiff, for cause of action against the Defendants, would respectfully show unto this Honorable Court the following:

### JURISDICTION and VENUE

1. Jurisdiction in this case is predicated on Title 28 U.S.C. § 1343, in that this is a case brought under the authority of the Civil Rights Act of 1871, Title 42 U.S.C. § 1983 and the

Fourth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. Plaintiff, CARLOS FERRELL, is a citizen and resident of Bloomington Springs, Putnam County, Tennessee.

3. Defendant, CITY OF COOKEVILLE, is a political subdivision of the State of Tennessee.

4. Defendant, COOKEVILLE POLICE DEPARTMENT, is a duly organized law enforcement department and/or agency of the City of Cookeville, Tennessee.

5.1. Defendant, JEFF JOHNSON, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.2. Defendant, CHRIS MELTON, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.3. Defendant, JOSH WARD, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.4. Defendant, MYKE GREEN, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.5. Defendant, CHRIS WILLIAMS, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.6. Defendant, JOHN DOE #1, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

5.7. Defendant, JOHN DOE #2, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Cookeville Police Department.

6. Defendant, PUTNAM COUNTY, is a political subdivision of the State of Tennessee.

7. Defendant, PUTNAM COUNTY SHERIFF'S DEPARTMENT, is a duly

organized law enforcement department and/or agency of Putnam County, Tennessee.

8.1.    Defendant, JOHN DOE #3, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Putnam County Sheriff's Department.

8.2.    Defendant, JOHN DOE #4, is a citizen of the State of Tennessee and at all times mentioned in this complaint was employed by the Putnam County Sheriff's Department.

## OCCURRENCE GIVING RISE TO ACTION

9.    On Monday, June 4, 2007, according to an Incident Report generated by the Cookeville Police Department, Officers were dispatched to 1804 Byrne Avenue, Apartment #2, Cookeville, Tennessee in an effort to execute an arrest warrant on Plaintiff, CARLOS FERRELL, which had been sworn out June 2, 2007 by Plaintiff's ex-wife, Tiffany Ferrell.

10.    While en route to the above referenced address, Officers were notified that Plaintiff had left that address and were advised of his location by Tiffany Ferrell, who claims to have been following Plaintiff.

11.    Tiffany Ferrell then led Defendants on an estimated ninety (90) mile per hour chase in alleged pursuit of Plaintiff, one that was solely based on a non-informant, citizen complaint.

12.    Cookeville Police Officers stopped at or near North Washington Avenue and 17th Street in Cookeville, Tennessee when the automobile driven by Tiffany Ferrell came to rest.

13.    Officers immediately exited their vehicles.

14.    Upon exiting his vehicle, Defendant, JOSH WARD, immediately drew his weapon and approached the automobile driven by Tiffany Ferrell.

15.    Almost simultaneously, Defendant, CHRIS MELTON, exited his vehicle and noticed a parked car occupied by Plaintiff. Plaintiff's headlights and taillights were illuminated.

16.    Without any hesitation or investigation, Plaintiff's automobile was surrounded by no less than four (4) Cookeville Police Officers, all of which are named defendants.

17. Among said Police Officers were Defendants, CHRIS MELTON and JOSH WARD, each of whom had weapons drawn, and Defendant, JEFF JOHNSON, who was accompanied by "Rocko" of the K-9 unit.

18. Despite conflicting orders and incessant vulgarities, Plaintiff, abiding by Defendants' orders, quickly exited his vehicle with his arms raised and hands clearly visible while making no threatening movements whatsoever.

19. Upon Plaintiff's exit from his vehicle, Defendant, JEFF JOHNSON, released "Rocko" who immediately attacked Plaintiff, causing serious injuries to his left leg.

20. Immediately upon attack, Plaintiff was taken to the ground by "Rocko", where Defendant, JEFF JOHNSON, continued to allow Plaintiff to be subjected to vicious dog bites. Defendant, JEFF JOHNSON, was in control of "Rocko" during the entire incident.

21. During the attack, approximately five (5) other Cookeville Police Officers stood idly by, some of whom still had weapons drawn, including firearms and tasers.

22. During the apprehension and subsequent arrest and search, Plaintiff was constantly ordered to "stop resisting", despite making absolutely no threatening movements toward any Defendant.

23. Plaintiff was then handcuffed and brought to his feet, where Defendant, JOSH WARD, placed him in a headlock and slammed his head into the trunk of Defendant's police cruiser while still being ordered to "stop resisting".

24. Defendants, CHRIS MELTON and JOSH WARD, began a search of Plaintiff's person.

25. During the course of this search, Plaintiff's right pants pocket was searched and emptied approximately five (5) times, revealing nothing resembling contraband.

26. After this exhaustive search of Plaintiff's person which produced nothing to indicate any criminal activity, Defendant, JOSH WARD, made a hand signal to Defendant, CHRIS MELTON, as if to suggest "manufacturing" the fruits of a search.

27. In complying with Defendant Ward's signal, Defendant, CHRIS MELTON, turned to face the dash-mounted camera in his police cruiser, reached in his own breast pocket, pulled a baggie from it, apparently containing marijuana, and motioned as if to pull it from Plaintiff's pocket.

28. The "planting" of contraband on Plaintiff by Defendant, CHRIS MELTON, was either witnessed or conveniently ignored by each named defendant, including two (2) Deputies from the Putnam County Sheriff's Department, each of whom conspicuously dispersed from the scene prior to the planting of contraband on Plaintiff's person.

29. Plaintiff was subsequently arrested for Simple Possession of a Controlled Substance in violation of T.C.A. § 39-17-418, Evading Arrest in violation of T.C.A. § 39-16-603, and Resisting Arrest in violation of T.C.A. § 39-16-602.

30. This entire episode was caught on and has been preserved by videotape.

ALLEGATIONS

**COUNT**I - NEGLIGENT TRAINING AND**SUPERVISION**

31. Based on infoil uation and belief, Defendants, CITY OF COOKEVILLE and COOKEVILLE POLICE DEPARTMENT, failed to adequately train their law enforcement personnel with respect to proper pursuit, search, seizure, arrest and use of force procedures in the course of law enforcement activities.

32. Defendants, CITY OF COOKEVILLE and COOKEVILLE POLICE DEPARTMENT, also failed to adequately train their law enforcement personnel on proper, adequate and reasonable use of its K-9 unit.

33. In particular, Defendants, CITY OF COOKEVILLE and COOKEVILLE POLICE DEPARTMENT, knew or should have known that department and Constitutional guidelines were not being adhered to during the pursuit, search and arrest processes.

34. Subsequent to Plaintiff's arrest, Defendants can be overheard laughing and

mocking at Plaintiff's expense, further indicating a lack of training, supervision, and remorse for what had just taken place.

35. Before and during the incident complained of herein, defendants, and each of them, were present and had ample opportunity to prevent the unlawful search of and excessive use of force against Plaintiff, CARLOS FERRELL, but failed to do so. This omission is evidence of lack of suitable training and supervision.

36. After the incident complained of herein, defendants, and each of them, had ample opportunity to report the misconduct on the part of each named Defendant, but failed to do so. This omission is further evidence of lack of suitable training and supervision.

37. Said defendants, and each of them, by their inadequate and insufficient training and supervision, created an unreasonable risk of harm and danger to the public and to Plaintiff, CARLOS FERRELL, in particular.

## **COUNT II - EXCESSIVE USE OF FORCE**

38. The Defendants, and each of them, participated in an unlawful, unprovoked and vicious attack on Plaintiff, CARLOS FERRELL, which was a violation of Plaintiff's right to be free from excessive use of force as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

39. The savage and cruel attack of Plaintiff, CARLOS FERRELL, administered by Defendants, and each of them, clearly violated the laws of the United States in regards to the amount of force that law enforcement officers acting under color of law are permitted to use, the parameters of which were or should have been sufficiently clear to Defendants at the time of this incident.

40. Defendants, and each of them, allowed an unlawful assault upon Plaintiff, CARLOS FERRELL, by their intentional, malicious and brutal acts and/or omissions in violation of the common laws of the State of Tennessee, all of which directly and proximately lead to

Plaintiff's injuries.

## COUNT III - UNLAWFUL SEARCH

41. Defendants, and each of them, either by act or omission, took part in an unlawful search of Plaintiff when Defendant, CHRIS MELTON, in conspiracy with Defendant, JOSH WARD, intentionally, maliciously and with obvious premeditation planted contraband on Plaintiff's person in violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

42. Defendants, and each of them, either by act or omission, knowingly took part in the unlawful search of Plaintiff.

43. The gross misconduct and unlawful search of Plaintiff, CARLOS FERRELL, clearly violated the laws of the United States and the State of Tennessee with respect to the reasonableness of a search performed, the parameters of which were or should have been sufficiently clear to Defendants at the time of incident.

44. Under the facts alleged herein, Defendants, and each of them, owed the public and Plaintiff, CARLOS FERRELL, in particular, a duty of care to use only such intrusive measures as reasonable to accomplish a search incident to arrest and to avoid going beyond that threshold so as to invade upon his civil rights.

45. Defendants, and each of them, breached their common law duty of care to Plaintiff, CARLOS FERRELL, by their acts and omissions as alleged herein, all of which directly and proximately led to an unlawful search and, thus, a violation of Plaintiff's civil rights.

## COUNT HI - PATTERN&PRACTICE

46. Defendants, CITY OF COOKEVILE, COOKEVILLE POLICE DEPARTMENT, PUTNAM COUNTY, and PUTNAM COUNTY SHERIFF'S DEPARTMENT, have a well-documented history of violating the civil rights of the public.

47. This history can only be attributed to either a severe lack of knowledge, training, supervision and understanding of the law or a blatant disregard of the law and the rights of others on the part of Defendants and their agents.

48. The excessive use of force and knowing and malicious manufacturing of evidence and criminal charges against Plaintiff would be a shock to the conscience of even the most casual observer and should have been to Defendants, and each of them, named herein.

## DAMAGES

49. As a direct and proximate result of the negligent, malicious, gross and intentional actions and omissions of Defendants, and each of them, as alleged herein, Plaintiff, CARLOS FERRELL, sustained multiple injuries as a result of the use of excessive force by law enforcement authorities.

50. As a direct and proximate result of the negligent, malicious, gross and intentional actions and omissions of Defendants, and each of them, as alleged herein, Plaintiff, CARLOS FERRELL, was subjected to an unlawful and unreasonable search at the hands and under the supervision of Defendants.

51. This gross misconduct of Defendants, and each of them, named herein robbed Plaintiff of some of his most basic and fundamental rights, that being the right to be secure in his own person against excessive use of force and to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

52. The various acts and omissions of Defendants, and each of them, described herein, were wanton, willful, intentional, and malicious so as to evince a gross disregard for human rights and safety and, as such, Defendants, and each of them, are and should be subject to punitive and exemplary damages.

**WHEREFORE, PLAINTIFF PRAYS** FOR RELIEF AS FOLLOWS:

A) For process to issue and be served upon the Defendants, requiring Defendants to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff, CARLOS FERRELL, against Defendants in an amount to be determined by a jury;

C) For punitive damages in favor of Plaintiff, CARLOS FERRELL, against Defendants in an amount to be determined by a jury;

D) For attorneys fees to be taxed to Defendants;

E) For a jury of twelve to try this cause; and

F) For costs to be taxed to the Defendants.

Respectfully submitted,

_____
BLAIR DURHAM #21453
1709 19th Avenue South
Nashville, TN 37212

_____
BENJAMIN E. WINTERS #23970
1709 19th Avenue South
Nashville, TN 37212

_____
EDDIE SCHMIDT #21313
1913 21st Avenue South
Nashville, TN 37212

_____
DAVID RANDOLPH SMITH #01905
1913 21st Avenue South
Nashville, TN 37212

**ATTORNEYS FOR PLAINTIFF**