IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CARLOS FERRELL )
)
    Plaintiff, )
)
v. ) No. 2:08-0016
)
CITY OF COOKEVILLE, COOKEVILLE ) Judge Campbell
POLICE DEPARTMENT, JEFF JOHNSON,)
CHRIS MELTON, JOSH WARD, MYKE ) Magistrate Judge Griffin
GREEN, CHRIS WILLIAMS, JOHN DOES )
# 1 and 2, ALL POLICE OFFICERS OF )
THE COOKEVILLE POLICE )
DEPARTMENT, PUTNAM COUNTY, )
PUTNAM COUNTY SHERIFF'S )
DEPARTMENT, JOHN DOES # 3 AND 4, )
EACH SHERIFF'S DEPUTIES OF THE )
PUTNAM COUNTY SHERIFF'S )
DEPARTMENT, )
)
    Defendants. )

## ANSWER

Come the defendants, Putnam County, Tennessee, Putnam County Sheriff's Department, John Does # 3 and 4, and each Sheriff's Deputies of the Putnam County Sheriff's Department, and for Answer to the allegations contained in the Complaint filed by the plaintiff in the above-referenced matter would state to the Court as follows:

    I.    The entity named "Putnam County Sheriff's Department" is not a separate entity but is a portion of Putnam County, Tennessee, and accordingly, should be dismissed from this case.

    II.    The Complaint with respect to the assertions that Cookeville City Police Officer Chris Melton planted evidence are false and fraudulent and should be dismissed. The assertions

that employees of the Putnam County Sheriff's Department and/or other law enforcement officers participated and/or witnessed said alleged illegal activities are also false and fraudulent and should be dismissed.

III. The assertion that the City of Cookeville and the Putnam County Sheriff's Department have a well documented history of violating civil rights of the public and participate in the malicious manufacture of evidence or excessive use of force are false and fraudulent allegations, as well as the assertions with respect to the lack of training and all said allegations should be dismissed.

IV. Now, responding numerically to the allegations in the Complaint, these Defendants and Counter-Plaintiffs would state and show the Court as follows:

1. The allegations contained in Paragraph One (1) of the Complaint are admitted.

2. These defendants do not have sufficient information to admit nor deny the allegations contained within this paragraph of the Complaint, thus they are denied the same and strict proof of the same is demanded.

3. The allegations contained in Paragraph Three (3) of the Complaint are admitted.

4. The allegations contained in Paragraph Four (4) of the Complaint are admitted in so far as the Cookeville City Police Department is a department of the City of Cookeville, Tennessee.

5.1. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.1 of the Complaint, thus they are denied the same.

5.2. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.2 of the Complaint, thus they are denied the same.

5.3. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.3 of the Complaint, thus they are denied the same.

5.4. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.4 of the Complaint, thus they are denied the same.

5.5. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.5 of the Complaint, thus they are denied the same.

5.6. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.6 of the Complaint, thus they are denied the same.

5.7. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 5.7 of the Complaint, thus they are denied the same.

6. The allegations contained within Paragraph Six (6) of the Complaint are admitted.

7. The allegations contained in Paragraph Seven (7) of the Complaint are admitted in so far as the Putnam County Sheriff's Department is a department of the Putnam County, Tennessee.

8.1. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 8.1 of the Complaint, thus they are denied the same.

8.2. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph 8.2 of the Complaint, thus they are denied the same.

9. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Nine (9) of the Complaint, thus they are denied the same.

10. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Ten (10) of the Complaint, thus they are denied the same.

11. These defendants do not have sufficient information to admit nor deny the

allegations contained within Paragraph Eleven (11) of the Complaint, thus they are denied the same.

12. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twelve (12) of the Complaint, thus they are denied the same.

13. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Thirteen (13) of the Complaint, thus they are denied the same.

14. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Fourteen (14) of the Complaint, thus they are denied the same.

15. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Fifteen (15) of the Complaint, thus they are denied the same.

16. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Sixteen (16) of the Complaint, thus they are denied the same.

17. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Seventeen (17) of the Complaint, thus they are denied the same.

18. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Eighteen (18) of the Complaint, thus they are denied the same.

19. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Nineteen (19) of the Complaint, thus they are denied the same.

20. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty (20) of the Complaint, thus they are denied the same.

21. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-One (21) of the Complaint, thus they are denied the same.

22. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Two (22) of the Complaint, thus they are denied the same.

23. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Three (23) of the Complaint, thus they are denied the same.

24. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Four (24) of the Complaint, thus they are denied the same.

25. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Five (25) of the Complaint, thus they are denied the same.

26. These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Six (26) of the Complaint, thus they are denied

the same.

27.  These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Twenty-Seven (27) of the Complaint, thus they are denied the same.

28.  In regards to the allegations contained within Paragraph Twenty-Eight (28) of the Complaint, it is denied that the Putnam County Sheriff's Department witnessed or conveniently ignored the planting of contraband on the plaintiff's person.

29.  The allegations contained within Paragraph Twenty-Nine (29) of the Complaint are admitted.

30.  These defendants do not have sufficient information to admit nor deny the allegations contained within Paragraph Thirty (30) of the Complaint.

31.  These defendants do not have sufficient information to admit nor deny the allegations contained within this paragraph of the Complaint, thus they are denied the same and strict proof of the same is demanded.

32.  These defendants do not have sufficient information to admit nor deny the allegations contained within this paragraph of the Complaint, thus they are denied the same and strict proof of the same is demanded.

33.  These defendants do not have sufficient information to admit nor deny the allegations contained within this paragraph of the Complaint, thus they are denied the same and strict proof of the same is demanded.

34.  These defendants do not have sufficient information to admit nor deny the allegations contained within this paragraph of the Complaint, thus they are denied the same and strict proof of the same is demanded.

35. The allegations contained within Paragraph Thirty-Five (35) of the Complaint are denied.

36. The allegations contained within Paragraph Thirty-Six (36) of the Complaint are denied.

37. The allegations contained within Paragraph Thirty-Seven (37) of the Complaint are denied.

38. The allegations contained within Paragraph Thirty-Eight (38) of the Complaint are denied.

39. The allegations contained within Paragraph Thirty-Nine (39) of the Complaint are denied.

40. The allegations contained within Paragraph Forty (40) of the Complaint are denied.

41. The allegations contained within Paragraph Forty-One (41) of the Complaint are denied.

42. The allegations contained within Paragraph Forty-Two (42) of the Complaint are denied.

43. The allegations contained within Paragraph Forty-Three (43) of the Complaint are denied.

44. The allegations contained within Paragraph Forty-Four (44) of the Complaint are denied.

45. The allegations contained within Paragraph Forty-Five (45) of the Complaint are denied.

46. The allegations contained within Paragraph Forty-Six (46) of the Complaint are denied.

47. The allegations contained within Paragraph Forty-Seven (47) of the Complaint are denied.

48. The allegations contained within Paragraph Forty-Eight (48) of the Complaint are denied.

49. The allegations contained within Paragraph Forty-Nine (49) of the Complaint are denied.

50. The allegations contained within Paragraph Fifty (50) of the Complaint are denied.

51. The allegations contained within Paragraph Fifty-One (51) of the Complaint are denied.

52. The allegations contained within Paragraph Fifty-Two (52) of the Complaint are denied.

Any and all allegations not heretofore admitted, denied or explained are here and now denied as if taken up separately and denied individually.

Now, having fully answered the allegations contained in the Complaint, the defendants, Putnam County, Tennessee, Putnam County Sheriff's Department, John Does # 3 and 4, and each Sheriff's Deputies of the Putnam County Sheriff's Department pray that the Complaint filed against them in this cause be dismissed with costs taxed to the plaintiff.

## AFFIRMATIVE DEFENSES

1. It has come to the attention of these defendants that immediately before this suit was filed and when the allegations surfaced of alleged "evidence planting" by Officers of the City of Cookeville Police Department, this matter was referred to the Attorney General and TBI for investigation. The TBI conducted an investigation. During the investigation, Carlos Ferrell confessed that the marijuana was his and was not planted by the Cookeville Police Officers. Upon information and belief it is asserted that this confession took place in the presence of his attorney shortly after suit was instituted. Accordingly, the allegations in the Complaint regarding the planting of evidence and other illegal conduct on the part of the Putnam County Officers are false and fraudulent and should be dismissed.

2. The Putnam County Sheriff's Department is a certified Police Department. The Deputies are well trained and are all certified Law Enforcement Officers. The Complaint with respect to failure to train and supervise fails to state a cause of action for which relief may be granted.

3. The videotape which captures the incident includes the transport of Carlos Ferrell from the arrest scene to the vicinity of Cookeville Regional Medical Center. During the course of this transport, Carlos Ferrell admits on at least two occasions that the marijuana found by Officer Melton was his. This evidence was available prior to the institution of this suit, and accordingly the allegations regarding the alleged planting of evidence are false and fraudulent and were made with the unlawful intent to extort money from Putnam County and to cause harm to the Deputies of the Putnam County Sheriff's Department.

## COUNTER-CLAIM

Comes Putnam County, Tennessee, by and through its attorney, and assuming the role of Counter-Plaintiff, would state and show the Court as follows:

1. The Plaintiff gave false and fraudulent statements asserting that deputies of the Putnam County Sheriff's Department had any involvement regarding planting marijuana in the Plaintiff's pocket.

2. This false and fraudulent information was imparted by his attorneys and his agents in an effort to extort money from Putnam County and damage the careers and reputations of the Deputies of the Putnam County Sheriff's Department.

3. The agents and representatives on behalf of the Plaintiff went on Nashville television stations and conducted interviews with the news media prior to the institution of this suit where they cast Putnam County and the Putnam County Sheriff's Department in a false light and defamed their character and reputation. These individuals were acting as the agents and representatives of Carlos Ferrell, and Carlos Ferrell is legally liable for any and all damages resulting from the conduct of his agents.

4. It is averred that the statements given to the media by the representatives of Carlos Ferrell are in violation of the rules of the United States District Court. Particularly, Rules 83.03 and were made with the intent to deprive Putnam County and its Officers of a fair trial; to tarnish the jury pool; prejudice the Court against Putnam County and its Deputies; and to enhance the possibility of the Plaintiff obtaining illegal compensation for his false and fraudulent claims.

5. It is averred that the agents and representatives of the Plaintiff were negligent in failing to listen to the contents of the videotape; adequately interrogate Carlos Ferrell; and the agents acting on behalf of Carlos Ferrell made defamatory statements and damaged Putnam

County and its Deputies recklessly and willfully in an effort to unlawfully enhance the claim of Carlos Ferrell against these Defendants.

6. This action by Carlos Ferrell individually and by and through his agents constitutes defamation, libel and slander.

7. The Counter-Plaintiff would further show the Court that in spite of the confession of Carlos Ferrell, the false and fraudulent claim has not been withdrawn or dismissed perpetrating the fraud against this Defendant and its lawful Deputies.

8. This Defendant reserves the right to amend the original Answer and Counter-Claim pending further investigation and discovery.

WHEREFORE, Putnam County, Tennessee, demands:

1. A judgment against Carlos Ferrell for an amount to be determined by a jury;

2. That they have punitive damages against Carlos Ferrell for his false and fraudulent conduct both individually and for which he is vicariously liable in an amount to be determined by the jury;

3. That the false and fraudulent complaints against Putnam County, Tennessee and its Officers be dismissed with full prejudice;

4. That the Court require Carlos Ferrell to pay all attorney's fees and costs incurred by Putnam County, Tennessee and its Officers in defending the false and fraudulent allegations brought forth in this Complaint;

5. That the Plaintiff be required to pay all of the Defendants' attorney's fees and costs in accordance with 42 U.S.C. §1988; and

6. That a jury of twelve try this cause.

Respectfully submitted this 10th day of March, 2008.

        PUTNAM COUNTY
        PUTNAM COUNTY SHERIFF'S DEPARTMENT
        JOHN DOES # 3 AND 4
        EACH SHERIFF'S DEPUTIES OF THE PUTNAM
        COUNTY SHERIFF'S DEPARTMENT,

                                    Defendants

By:   s/Jeffrey G. Jones
       Jeffrey G. Jones, BPR # 12680
       For Wimberly Lawson Seale Wright & Daves,
       PLLC
       Attorneys for Defendants
       1420 Neal Street, Suite 201
       P.O. Box 655
       Cookeville, Tennessee 38503-0655
       (931) 372-9123

## CERTIFICATE OF SERVICE

I, Jeffrey G. Jones, hereby certify that a true and exact copy of the foregoing has been served upon **BLAIR DURHAM and BENJAMIN WINTERS, 1709 19th Avenue South, Nashville, TN 37212, EDDIE SCHMIDT and DAVID RANDOLPH SMITH, 1913 21st Avenue South, Nashville, TN 38212**, attorneys for plaintiffs, **DANIEL H. RADER, III, and RICHARD LANE MOORE, P.O. Box 3347, Cookeville, TN 38502-3347**, attorneys for City of Cookeville, by placing a copy of same in the United States mail, postage prepaid, this 10th day of March, 2008.

                              s/Jeffrey G. Jones
                                 Jeffrey G. Jones