# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CARLOS FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08-CV-00016 |
| | ) | JURY DEMAND |
| CITY OF COOKEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendants Jeff Johnson, Chris Melton, Josh Ward, and Myke Green hereby appear individually, by and through counsel, and for their Answer to the Plaintiff's Complaint state as follows:

1. In response to paragraph one (1) of the Complaint, jurisdiction over Plaintiff's civil rights claims is not disputed. It is denied that there is any basis for suit against these Defendants individually.

2. In response to paragraph two (2) of the Complaint, these allegations are currently outside the course, scope and knowledge of these Defendants. Therefore, those allegations are denied and strict proof is required thereof.

3. In response to paragraph three (3) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

4. In response to paragraph four (4) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

5. In response to paragraphs 5.1, 5.2, 5.3 and 5.4 of the Complaint, these allegations are admitted. In response to paragraph 5.5 of the Complaint, these allegations are denied and

strict proof is required thereof. In response to paragraphs 5.6 and 5.7 of the Complaint, these allegations do not pertain to these Defendants, therefore, no answer is warranted and none is given.

6. In response to paragraph six (6) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

7. In response to paragraph seven (7) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given.

8. In response to paragraphs 8.1 and 8.2 of the Complaint, these allegations to not pertain to these Defendants. Therefore, no answer is warranted and none is given.

9. In response to paragraph nine (9) of the Complaint, it is admitted that officers of the Cookeville Police Department responded to a complaint and warrant on Plaintiff, Carlos Ferrell. The remaining allegations are denied as written.

10. In response to paragraph ten (10) of the Complaint, these allegations are admitted.

11. In response to paragraph eleven (11) of the Complaint, these allegations are denied and strict proof is required thereof.

12. In response to paragraph twelve (12) of the Complaint, it is admitted the vehicle driven by Carlos Ferrell was stopped by the Cookeville Police Department. It is also admitted that a vehicle driven by Tiffany Ferrell was at the same location.

13. In response to paragraph thirteen (13) of the Complaint, these allegations are admitted.

14. In response to paragraph fourteen (14) of the Complaint, it is admitted that Defendant Ward approached the vehicle driven by Tiffany Ferrell and that his weapon was drawn.

15. In response to paragraph fifteen (15) of the Complaint, it is admitted that officer Melton exited his car and ordered Plaintiff out of his vehicle. Plaintiff did not initially comply and locked his door. The remaining allegations are denied and strict proof is required thereof.

16. In response to paragraph sixteen (16) of the Complaint, it is admitted that officers of the Cookeville Police Department approached Plaintiff's vehicle and Plaintiff was ordered out of the vehicle.

17. In response to paragraph seventeen (17) of the Complaint, it is admitted that Defendants Melton, Ward and Johnson along with a Cookeville Police Department police dog were at the scene of the Plaintiff's arrest. The remaining allegations are denied as written and strict proof is required thereof.

18. In response to paragraph eighteen (18) of the Complaint, these allegations are denied as written and strict proof is required thereof. It is maintained that the Plaintiff was ordered out of his vehicle and the Plaintiff initially failed to comply. The remaining allegations are denied and strict proof is required thereof.

19. In response to paragraph nineteen (19) of the Complaint, these allegations are denied as written and strict proof is required thereof.

20. In response to paragraph twenty (20) of the Complaint, these allegations are denied and strict proof is required thereof.

21. In response to paragraph twenty-one (21) of the Complaint, these allegations are denied and strict proof is required thereof.

22. In response to paragraph twenty-two (22) of the Complaint, these allegations are denied and strict proof is required thereof.

23. In response to paragraph twenty-three (23) of the Complaint, these allegations are denied and strict proof is required thereof.

24. In response to paragraph twenty-four (24) of the Complaint, these allegations are admitted as to officer Melton. Officer Ward did not conduct a search of the Plaintiff. It is maintained that the search of the Plaintiff complied with all laws and constitutional requirements.

25. In response to paragraph twenty-five (25) of the Complaint, these allegations are denied as written and strict proof is required thereof.

26. In response to paragraph twenty-six (26) of the Complaint, these allegations are denied and strict proof is required thereof.

27. In response to paragraph twenty-seven (27) of the Complaint, these allegations are denied and strict proof is required thereof. It is affirmatively maintained that the marijuana found did in fact belong to the Plaintiff.

28. In response to paragraph twenty-eight (28) of the Complaint, these allegations are denied and strict proof is required thereof. It is affirmatively denied that officer Melton planted any contraband on Plaintiff. It is affirmatively maintained that the marijuana did in fact belong to the Plaintiff.

29. In response to paragraph twenty-nine (29) of the Complaint, these allegations are admitted. The Defendant was also arrested for DUI, open container, driving under suspension and on an arrest warrant for Domestic Assault.

30. In response to paragraph thirty (30) of the Complaint, it is admitted that a video tape exists that was provided to the District Attorney for use in the criminal prosecution.

31. In response to paragraph thirty-one (31) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent

that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

32. In response to paragraph thirty-two (32) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

33. In response to paragraph thirty-three (33) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

34. In response to paragraph thirty-four (34) of the Complaint, these allegations are denied and strict proof is required thereof.

35. In response to paragraph thirty-five (35) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that any of these Defendants committed an unlawful search on the Plaintiff. It is also denied that any of these Defendants used excessive force against the Plaintiff.

36. In response to paragraph thirty-six (36) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that any of these Defendants engaged in misconduct as it relates to the Plaintiff.

37. In response to paragraph thirty-seven (37) of the Complaint, these allegations are denied and strict proof is required thereof.

38. In response to paragraph thirty-eight (38) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that any of these Defendants violated Plaintiff's constitutional rights.

39. In response to paragraph thirty-nine (39) of the Complaint, it is admitted that these Defendants at all time relevant were acting as Cookeville police officers. The remaining allegations are denied and strict proof is required thereof. It is denied that these Defendants violated any of the Plaintiff's rights.

40. In response to paragraph forty (40) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied these Defendants assaulted Plaintiff.

41. In response to paragraph forty-one (41) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that Defendants Melton or Ward committed an unlawful search of Plaintiff. It is denied that these Defendants violated Plaintiff's rights in any way.

42. In response to paragraph forty-two (42) of the Complaint, these allegations are denied and strict proof is required thereof.

43. In response to paragraph forty-three (43) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that any of these Defendants violated any of Plaintiff's rights.

44. In response to paragraph forty-four (44) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that these Defendants violated any rights of the Plaintiff.

45. In response to paragraph forty-five (45) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that any unlawful search occurred.

46. In response to paragraph forty-six (46) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

47. In response to paragraph forty-seven (47) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

48. In response to paragraph forty-eight (48) of the Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent that these allegations pertain to these Defendants, those allegations are denied and strict proof is required thereof.

49. In response to paragraph forty-nine (49) of the Complaint, these allegations are denied as to these Defendants and strict proof is required thereof. It is maintained that these Defendants did not use excessive force against the Plaintiff. It is maintained that these Defendants did not violate any of Plaintiff's constitutional rights.

50. In response to paragraph fifty (50) of the Complaint, these allegations are denied and strict proof is required thereof. It is maintained that these Defendants did not participate in an unlawful or unreasonable search of the Plaintiff at any time. It is maintained that these Defendants did not violate any of Plaintiff's constitutional rights.

51. In response to paragraph fifty-one (51) of the Complaint, these allegations are denied and strict proof is required thereof. It is maintained that these Defendants are not guilty of misconduct in any way relating to the incidents claimed by the Plaintiff. It is denied that these

Defendants violated any of Plaintiff's rights, including Plaintiff's rights to be free from excessive force or unreasonable search or seizure.

52. In response to paragraph fifty-two (52) of the Complaint, these allegations are denied and strict proof is required thereof. It is denied that these Defendants are liable to the Plaintiff for any damages including compensatory, punitive or exemplary damages.

53. In response to Plaintiff's prayer for relief, paragraphs A, B, C, D and F, it is denied that there is any basis for suit. It is also denied that a judgment should be entered in favor of the Plaintiff against these Defendants in any amount. It is denied that the Plaintiff is entitled to a money judgment or punitive damages against these Defendants in any amount. It is denied that the Plaintiff is entitled to attorney's fees from these Defendants. It is denied that the Plaintiff is entitled to costs for Plaintiff's case against these Defendants.

54. It is maintained that Plaintiff's Complaint fails to state a claim upon which relief can be granted. These Defendants did not violate any of Plaintiff's rights in any way.

55. It is maintained that these Defendants, individually, are entitled to qualified immunity on Plaintiff's constitutional claims.

56. It is maintained that Defendant Melton did not violate any rights of the Plaintiff and Defendant Melton's actions were reasonable and necessitated by the situation in which he was placed by the Plaintiff.

57. It is maintained that Defendant Ward did not violate any rights of the Plaintiff and Defendant Ward's actions were reasonable and necessitated by the situation in which he was placed by the Plaintiff.

58. It is maintained that Defendant Johnson did not violate any rights of the Plaintiff and Defendant Johnson's actions were reasonable and necessitated by the situation in which he was placed by the Plaintiff.

59. It is maintained that Defendant Green did not violate any rights of the Plaintiff and did not use any force against the Plaintiff.

60. For any state law claims brought by the Plaintiff, it is denied that this Court has jurisdiction over those claims. Any state law claims should be dismissed by the Court. To the extent that this Court may exercise jurisdiction over any state law claims, it is maintained that these Defendants are entitled to dismissal of same pursuant to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq.

61. It is maintained pursuant to 42 U.S.C. § 1988 that these Defendants are entitled to attorney's fees and costs from the Plaintiff.

62. It is maintained that the Plaintiff has admitted the contraband and marijuana found on his person during his arrest was his and it was not planted by any of the Defendants. Thus, Plaintiff's allegations relating to planting of evidence are blatantly false.

63. These Defendants reserve the right to amend their Answer based upon further investigation and discovery.

64. Anything not heretofore expressly admitted or denied, is hereby denied and strict proof required thereof.

65. A jury is demanded to try this cause.

66. Should this case proceed to trial, the trial should be bifurcated on the issue of punitive damages.

RESPECTFULLY submitted this 13th day of March, 2008.

    JEFF JOHNSON, CHRIS MELTON,
    JOSH WARD and MYKE GREEN

By: /s/Robert H. Watson, Jr., BPR No. 1702
    ROBERT H. WATSON, JR.
    Attorney for Defendants Jeff Johnson,
        Chris Melton, Josh Ward, and Myke Green
    WATSON, ROACH, BATSON,
    ROWELL & LAUDERBACK, P.L.C.
    P.O. Box 131
    Knoxville, Tennessee 37901-0131
    (865) 637-1700

By: /s/Reid A. Spaulding, BPR No. 023363
    REID A. SPAULDING
    Attorney for Defendants Jeff Johnson,
        Chris Melton, Josh Ward, and Myke Green
    WATSON, ROACH, BATSON,
    ROWELL & LAUDERBACK, P.L.C.
    P.O. Box 131
    Knoxville, Tennessee 37901-0131
    (865) 637-1700

**CERTIFICATE OF SERVICE**

       I hereby certify that on Thursday, March 13, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

       Blair Pierson Durham and
       Benjamin E. Winters
       DURHAM & DREAD, PLC
       1709 19th Avenue South
       Nashville, Tennessee 37212

       Edmund J. Schmidt III
       David Randolph Smith
       1913 21st Avenue South
       Nashville, Tennessee 37212

       Daniel H. Rader III
       Richard Lane Moore
       MOORE, RADER, CLIFT & FITZPATRICK
       46 North Jefferson Avenue
       Cookeville, Tennessee 38501

       Jeffrey G. Jones
       WIMBERLY, LAWSON, SEALE, WRIGHT & DAVES, PLLC
       1420 Neal Street, Suite 201
       P.O. Box 655
       Cookeville, Tennessee 38503-0655

Dated March 13th, 2008.

                                                     s/ <u>Robert H. Watson, Jr., BPR No. 1702</u>
                                                        ROBERT H. WATSON, JR.
                                                        Attorney for Defendants Jeff Johnson,
                                                             Chris Melton, Josh Ward, and Myke Green
                                                        WATSON, ROACH, BATSON
                                                        ROWELL & LAUDERBACK, P.L.C.
                                                       Attorneys at Law
                                                       1500 Riverview Tower
                                                       900 South Gay Street
                                                       P.O. Box 131
                                                       Knoxville, Tennessee 37901-0131
                                                       (865) 637-1700